

1  Patricia Mireles, Esq. (SBN 171342)
   Walter Meistrell, Esq. (SBN 243976)
2  **MIRELES LAW OFFICE**
   201 N. Indian Hill Blvd., Ste 204
3  Claremont, CA 91711
   Telephone:  (909) 447-4010
4  Facsimile:  (800) 986-3990

5  Attorneys for Defendants,  KURT MANTWELL,
   LAWRIE MANTWELL and KUMPLAY2EVENTS
6

7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                         **WESTERN DIVISION**

11

12
   KRAFTWORKS DESIGNS, INC., a          ) CASE NO.:  CV-11-00699 JHN (PJWx)
13 California Corporation,                )
                                          )  **HONORABLE JAQUELINE NGUYEN**
14                                        )
                                          )
15               Plaintiff,               )  **DEFENDANT'S OPPOSITION TO**
                                          )  **PLAINTIFF'S MOTION FOR**
16 vs.                                    )  **SUMMARY JUDGMENT;**
                                          )  **STATEMENT OF DISPUTED FACTS**
17 LAWRIE MANTWELL, an individual;        )  **& OBJECTION TO THE**
                                          )  **DECLARATION OF DOUG LEWIS**
18 KURT MANTWELL an individual;           )
                                          )
19 KUMPLAY2EVENTS, a California           )
   Partnership; and DOES 1 through 10,    )
20 inclusive,                             )
                                          )
21                                        )
                                          )
22               Defendants,              )
                                          )
23                                        )
                                          )
24                                        )

25 _____

26

27

28

The Motion for Summary Judgment of the Plaintiff/Cross-Defendant, Kraftworks Designs, Inc. is procedurally defective, thus preventing this Court from granting its Motion.

✓     The allegations of the First Amended Complaint, are insufficient to establish personal liability on the individual Defendants, Lawrie Mantwell and Kurt Mantwell, when the Plaintiff concedes that the grievances it alleges were perpetrated upon it, was by a business entity.

✓     The allegation s of the First Amended Complaint, and the Motion for Summary Judgment, fails to factually establish that any existing or potential consumers were **actually**, confused by any alleged similarity of marks.

✓     The allegation s of the First Amended Complaint, and the Motion for Summary Judgment, fails to factually establish any actual damages.

✓     Plaintiff/Cross-Defendant fails to address issues raised in the Cross-Claim, therefore granting its Motion for Summary Judgment would be inequitable.

Furthermore, the theory of the Plaintiff/Cross-Defendant is against legal standard and principle, as it attempts to claim trademarking for components of its trademark, and not as to what was actually registered as a trademark.

Therefore, on that basis, Defendants/Cross-Claimants Lawrie Mantwell and Kurt Mantwell hereby oppose the Motion for Summary Judgment of the Plaintiff/Cross-Defendant Kraftworks Designs, Inc.

## I.     SUMMARY OF FACTS

Plaintiff/Cross-Defendant Kraftworks Designs, Inc.  has been providing its services in the adult services industry since 2005.  (First Amended Complaint.)

Plaintiff/Cross-Defendant Kraftworks Designs, Inc. obtained a trademark on December 4, 2007 for a Design Plus Words, Letters And/Or Numbers.

Plaintiff/Cross-Defendant Kraftworks Designs, Inc.'s contention has always centered upon a single element of its trademark – the eyes and not what was actually trademarked.

## II.     PROCEDURAL SUMMARY

This matter was filed on January 24, 2011.

Defendant/Cross-Complainant, Lawrie Mantwell (hereinafter referred to as "L-MANTWELL) answered the Complaint on March 4, 2011 and filed a Counter-Claim.

Plaintiff/Cross-Defendant Kraftworks Designs, Inc. (hereinafter referred to as "KRAFTWERKS") filed a First Amended Complaint on March 21, 2012.

On, March 22, 2011, KRAFTWORKS answered the Counter-Claim of Defendant L-MANTWELL.

On April 4, 2011, Defendant Kurt Mantwell (hereinafter referred to as "K-MANTWELL) filed an answer to the First Amended Complaint.

On April 4, 2011, L-MANTWELL filed and Answer to the First Amended Complaint.

1   KRAFTWORKS filed its motion for summary judgment on July 11, 2011.

2   On August 28, 2011 all Defendants filed for bankruptcy and the matter was

3   Stayed on August 31, 2011.

4

5   On March 7, 2012, the Stay was lifted.

6   On May 1, 2012, KRAFRWORKS requested a Default against the Defendant

7   Kumplay 2 Events.

8

9   On May 2, 2012 a default was entered by the Clerk of the Court as to Defendant

10  Kumplay 2 Events.

11

12  **III.   LEGAL ANALYSIS**

13  **A.   SUMMARY JUDGMENT MOTIONS**

14  Summary judgment is only proper where "the pleadings, depositions, answers to

15  interrogatories, and admissions on file, together with the affidavits, if any, show that

16

17  there is no issue as to any material fact and that the moving party is entitled to judgment

18  as a matter of law." (Fed. Rule Civ. Proc. 56(c); *Matsushita Elec. Indus. Co., Ltd. v.*

19

20  *Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).)

21  The moving party bears the initial burden of demonstrating the absence of a

22  genuine issue of material fact. (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106

23

24  S. Ct. 2505, 91 L. Ed. 2d 202 (1986).) If the moving party meets its initial burden, the

25  "adverse party may not rest upon the mere allegations or denials of the adverse party's

26  pleading, but the adverse party's response, by affidavits or as otherwise provided in this

27  rule, must set forth specific facts showing that there is a genuine issue for trial." (Fed. R.

28

Civ. Proc. 56(e).) Summary judgment is appropriate where the nonmoving party fails to make a sufficient showing on an essential element of the case on which that party will bear the burden of proof at trial. (*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).)

In judging evidence at the summary judgment stage, courts must draw all reasonable inferences in favor of the party against whom summary judgment is sought. (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).) However, if no factual showing is made in opposition to a motion for summary judgment, the district court is not required to search the record sua sponte for some genuine issue of material fact. It may rely entirely on the evidence designated by the moving party showing no such triable issue.  (*Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir. 1992).) "When the nonmoving party relies on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."(*Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).)

## B.    LACK OF PRIVITY

Based upon the allegations of KRAFTWORKS in its First Amended Complaint, Motion for Summary Judgment, Statement of Uncontroverted Facts, and the Declaration of Doug Lewis, there is no basis for claims against the individually named Defendants.

First, KRAFTWORKS claims, that the various transgressions were perpetrated by KUMPLAY2, a California partnership.  There is nothing alleged by the First Amended

Complaint, nor presented as an uncontroverted fact, as to what type of partnership that is KUMPLAY2, nor if any such liability is imputed to the partners of the partnership. Simply, there are not facts to establish the partnership, nor who the partners of the partnership are, or any theories of liability of the individually named defendants.

Plaintiff failed to establish the existence of the partnership, the members of the partnership, the liability period if there is any liability to the members of the partnership. Plainly, Plaintiff advances unsupported conjecture.

## C.    SUMMARY JUDGMENT MOTIONS IN TRADEMARK CASES

In order to prevail on its trademark infringement claim, KRAFTWERKS must prove (1) that it has a valid protectable trademark and (2) that Defendant's use of the same or a similar mark causes a likelihood of confusion in the minds of the relevant consuming public. (15 U.S.C. § 1114(1)(a); *Fuddruckers, Inc. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir. 1987).) As explained earlier, the parties stipulated to having the Court determine only whether Plaintiff has a protectable trademark at this stage of litigation.

The purpose of trademark is to aid in the "[i]dentification of the manufacturer or sponsor of a good or the provider of a service." (*New Kids on the Block v. News America Publishing, Inc.*, 971 F.2d 302, 305 (9th Cir. 1992).) Trademarks represent a "limited property right in a particular word, phrase, or symbol." Id. at 306. The Supreme Court has described "the basic objectives of trademark law" as follows:

> trademark law, by preventing others from copying a source-identifying mark, 'reduce[s] the customer's costs of shopping and making purchasing decisions' for it quickly and easily assures a potential customer that this item - the item with this mark - is made by the same producer as other similarly marked items that he or she liked (or disliked) in the past. At the same time, the law helps assure a producer that it (and not an imitating competitor) will reap the financial, reputation-related rewards associated with a desirable product.

*Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 163-64 (1995) (internal citations omitted).

Trademarks are classified in five categories of "increasing distinctiveness": (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). A mark that is suggestive, arbitrary or fanciful is inherently distinctive and is afforded automatic trademark protection. (*Id.*) Descriptive marks, while not inherently distinctive, are entitled to protection if they acquire distinctiveness or "secondary meaning," i.e. if consumers come to associate them with a specific producer rather than a general class of goods. (*Kendall-Jackson Winery v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 (9th Cir. 1999).) Generic marks can never attain distinctiveness are therefore not protectable.(*Id.*)

Generic marks refer to the "genus of which the particular product or service is a species." (*Park 'N Fly, Inc. v. Dollar Par and Fly, Inc.*, 469 U.S. 189, 194 (1985).) A generic term is "the name of the product or service itself - what [the product] is, and as such . . . the very antithesis of a mark." 2 McCarthy, supra, § 12:1[1]. In determining whether a term is generic, courts have often relied upon the "who-are-you/what-are-

you" test: "A mark answers the buyer's questions 'Who are you?' 'Where do you come from?' 'Who vouches for you?' But the [generic] name of the product answers the question 'What are you?'" (*Filipino Yellow Pages, Inc. v. Asian Journal Publications, Inc.*, 198 F.3d 1143, 1147 (9th Cir. 1999) (citations omitted).)

The federal statute prohibiting trademark infringement requires a trademark holder to prove that the alleged infringer's use of a mark "is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. §1114(1)(a) & (b).**2** This requirement directly advances the dual purposes of infringement law: ensuring that owners of trademarks can benefit from the goodwill associated with their marks and that consumers can distinguish among competing producers. (*Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1140 (9th Cir. 2002) (quoting *Park 'N Fly, Inc. v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 198 (1985)); *Brookfield Communications, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1053 (9th Cir. 1999) (quoting *Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 163 (1995).)   The question whether an alleged trademark infringer's use of a mark creates a likelihood that the consuming public will "be confused as to who makes what" product is therefore the "core element" of trademark infringement law. (*Brookfield*, 174 F.3d 1053.)

Likelihood of confusion is a factual determination. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1008 (9th Cir. 2001). Therefore, a district court may grant summary judgment and we may uphold a grant of summary judgment only if "no genuine issue" exists regarding likelihood of confusion. Fed. R. Civ. P. 56(c). We have

1  cautioned that district courts should grant summary judgment motions regarding the

2  likelihood of confusion sparingly, as careful assessment of the pertinent factors that go

3

4  into determining likelihood of confusion usually requires a full record. (*Clicks Billiards*

5  *Inc. v. Sixshooters Inc.*, 251 F.3d 1251, 1265 (9th Cir. 2001)); *Interstellar Starship*

6  *Services, Ltd. v. Epix, Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999).)

7

8      Evidence of actual confusion "constitutes 'persuasive proof that future confusion

9  is likely.' " (*Clicks Billiards*, 251 F.3d at 1265 (quoting *Fuddruckers, Inc. v. Doc's B.R.*

10 *Others, Inc.,* 826 F.2d 837, 845 (9th Cir. 1987).) This rule makes good sense. If enough

11

12 people have been *actually* confused, then a *likelihood* that people are confused is

13 established.

14     **D.    LACK OF ACTUAL INFRINGEMENT**

15

16 *Kendall-Jackson Winery Ltd. v. E & J Gallo Winery*, 150 F.3d 1042, 1046-47 (9th

17 Cir. 1998).) "[A] product's design is distinctive, and therefore protectable, only upon a

18 showing of secondary meaning." (*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S.

19

20 205, 216 (2000).) The Ninth Circuit has defined secondary meaning as "the mental

21 association by a substantial segment of consumers and potential customers between the

22 alleged infringement and a single source of the product." (*Levi Strauss & Co. v. Blue*

23

24 *Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (en banc) (internal quotation marks

25 omitted); *Vision Sports, Inc. v. Melville Corp.*, 888 F.2d 609, 615 (9th Cir. 1989)

26 Secondary meaning is not easily established: "proof of secondary meaning entails

27 vigorous evidentiary requirements." (*Yankee Candle Co., Inc. v. Bridgewater Candle*

*Co., LLC*, 259 F.3d 25, 43 (1st Cir. 2001).) When determining whether this vigorous evidentiary standard has been met, Courts generally divide evidence of secondary meaning into two categories: direct and circumstantial. (*Continental Lab. Prods. v. Medax Int'l, Inc.*, 114 F.Supp. 2d 992, 999 (S.D. Cal. 2000).)

In the matter before this Court, Plaintiff concedes in its "statement of uncontroverted facts" as well as the Lewis Declaration that its allegations, is not based upon any purported infringement of the actual registered mark, rather the infringement a generic element of the mark, a woman's eyes. Plaintiff's claim, refutes the legal basis of an actual trademark infringement.

Exhibit A, to the Statement of "Uncontroverted" Facts, identifies the mark as the following:

**Mark Drawing Code** (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

The "mark" as registered is very specific, and consists of the following:

**Description of Mark** The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors).

The trademark in question, actually looks as depicted in KRAFTWORKS, Exhibit A, and not merely a trademark of a woman's eyes:

DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT



Plaintiff contends that the Defendants, as well as anyone else, should be prohibited from using "eyes" in any advertisement.  The differences between the two logos are remarkably different. and include often the utilization of different colored eyes.

Upon viewing, Plaintiff's trademark clearly established that its targeted audience is a specific niche of adult entertainment – "swingers" whereas the mark of the Defendants targets the adult entertainment generally.  In essence, no one part of an alphanumeric mark can take precedence over the other parts of the mark when comparing marks in a trademark infringement action. (*Don Alvarado Co. v. Porganan* (1962) 203 Cal.App.2d 377; *American Automobile Ass'n v. American Automobile Owners' Ass'n*  (193) 216 Cal. 125.)

**E.     LACK OF CONFUSION OVER "EYES"**

In  *Australian Gold, Inc. v. Hatfield,* 436 F.3d 1228, 1238 (10th Cir.2006) the Court explained that the  "[i]nitial interest confusion results when a consumer seeks a particular trademark holder's product and instead is lured to the product of a competitor by the competitor's use of the same or similar mark"). In order to establish such requires an actual factual finding borne by KRAFTWORKS. (*Universal Money Ctrs., Inc. v. AT*

1   *& T*, 22 F.3d 1527, 1530 (10th Cir.1994).) §1114(a)(1) of the Lanham Act proscribes

2   the unauthorized use in commerce of any reproduction of a registered mark in

3   connection with the marketing of any goods or services where "such use is likely to

4   
5   cause confusion." While an incontestable service mark is "conclusive evidence ... of the

6   registrant's exclusive right to use the registered mark in commerce[,]" such evidence

7   "shall be subject to proof of infringement as defined in section 1114." (15 U.S.C. §

8   
9   1115(b); *see KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111,

10   117, 125 S.Ct. 542, 160 L.Ed.2d 440 (2004).)

11   
12        KRAFTWORKS has failed to provide any factual basis that anyone consumed its

13   business and marketing with that of the Defendants – that the marks were so similar,

14   one could not tell them apart.  As discussed in *Thomas J. McCarthy, McCarthy on*

15   *Trademarks and Unfair Competition* § 15:11, at 15–22 (4th ed.2007) "[T]he buyer, to

16   
17   be deceived, must be looking for some symbol which he thinks identifies a single, albeit

18   anonymous, source."  Plaintiff has failed to do so.

19        *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194, 105 S.Ct. 658, 83

20   
21   L.Ed.2d 582 (1985)  recognized that a descriptive mark may be registered only upon a

22   showing that the mark has acquired secondary meaning). A likelihood of confusion over

23   
24   a descriptive term can never exist absent secondary meaning. (McCarthy, *supra* § 14:9,

25   at 14–35.) The presence of secondary meaning, however, does not provide the mark

26   holder with an *exclusive* right to use the mark in its original descriptive sense.

27   
28   Secondary meaning provides the mark holder "an exclusive right not in the original,

MIRELES
LAW OFFICE

DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

descriptive sense, but only in the secondary one associated with the mark holder's goods." (*KP Permanent Make–Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 122, 125 S.Ct. 542, 160 L.Ed.2d 440 (2004).)  PLAINTIFF has failed to establish that "eyes" have become synonymous with its website and activities.

The degree of similarity between marks turns upon sight, sound, and meaning. (*Sally Beauty Co., Inc. v. Beautyco, Inc.* 516 F.3d 853 C.A.10 (Colo.),2008.)  In *Sally Beauty* the Court determined that "the district court erred by shortening "Generic Value Products" to simply "Generic" when comparing "aural similarities" with "GENERIX." We wrote: "The district court cited no authority which would permit the shortening of the trademark for likelihood of confusion analysis."

Because one cannot merely look at a portion of a trademark to determine infringement, Plaintiff Motion for Summary Judgment fails outright.

## IV.    CONCLUSION

There are six non-exhaustive factors guide our review of the evidence in evaluating the likelihood of confusion between the two marks: (1) evidence of actual confusion between the marks, (2) the strength of the contesting mark, (3) the intent of the alleged infringer in adopting the contested mark, (4) the degree of similarity between the marks, (5) the similarity of the parties' services and manner in which they market them, and (6) the degree of care consumers are likely to exercise in purchasing those services. (*Team Tires Plus, Ltd. v. Tires Plus, Inc.*, 394 F.3d 831, 833 (10th Cir.2005).)

In the First Amended Complaint and the Motion for Summary Judgment, Plaintiff  does not claim infringement of its entire mark, only an element of its mark – eyes.  There is nothing about the use of "eyes" specifically, which would create an exclusive connection to Plaintiff's adult entertainment business in the specific niche as swingers.

Trademark infringement, is an all or none proposition, and under that scenario there could be no infringement by the Defendants and the motion for summary judgment must be denied.

Respectfully Submitted,

Dated: August 6, 2012_____ by:   **LAW OFFICES OF PATRICIA MIRELES**

Patricia Mireles

Attorneys for Defendants, **KURT MANTWELL, LAWRIE MANTWELL** and **KUMPLAY2EVENTS**

**Defendant & Cross-Complainant Lawrie Mantwell's and Defendant Kurt Mantwell's Objection to Plaintiff's Statement of Uncontroverted Facts.**

1.      Plaintiff, Kraftworks is the owner of U.S. Trademark Registration No.: 3348502 which comprises a partial view of a female's face prominently featuring her eyes in international class 045 for *Computer dating services; Dating services: Marriage partner introduction or dating services; On-line identity reliability investigation in the field of on-line dating and claims made about age, gender; Video dating services; Web site services featuring on-line dating club.* (An uncontroverted true and correct copy of a screenshot of the United States Patent and Trademark office website featuring this registration is attached as Exhibit A.)

**DISPUTED:**

Plaintiff misstates and misleads this Court as to exactly what is registered under U.S. Trademark Registration No.: 3348502. Nor is it appropriate to claim various elements that compromise the registered trademark as a whole, are each individually, and separately exclusively registered to the Plaintiff. The correct mark as registered consists of the following:

**Mark Drawing Code** (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

The "mark" as registered is very specific, and consists of the following:

**Description of Mark** The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face

with eyes. logo ("TheSwingSite" and "Your Adult Playground"
with corresponding colors).

The trademark in question, actually looks as depicted in KRAFTWORKS, Exhibit A, and not merely a trademark of a woman's eyes:



2.     Lawrie Mantwell is an owner and operator of the website, www.kumplay2.com, which advertises and promotes events for couples and singles who are interested in the swinger lifestyle under the name KUMPLAY2 EVENTS. (An uncontroverted true and correct copy of a screenshot of this website is attached as Exhibit B.)

**DISPUTED IN PART**:

Defendant/Cross-Complainant Lawrie Mantwell, does not dispute that she is the owner and operator of the website www.kumplay2.com; she does however dispute, the inference of the Plaintiff/Cross-Defendant Kraftworks, that the two site are similar or that the site utilizes Plaintiff's trademark.  Specifically, the trademark for Plaintiff is for dating services, marriage partner introduction, etc.  This contradicts the purpose of KUMPLAY2 EVENTS which Webster defines swinger lifestyle as is a non-monogamous

behavior, in which singles or partners in a <u>committed relationship</u> engage in <u>sexual activities</u> with others as a <u>recreational</u> or social activity.

3.      Defendant, LAWRIE MANTWELL, is an individual and resident of the state of California and maintains a primary residence at 27775 Blue Diamond Lane, Romoland, CA 92585.

**UNDISPUTED**.

4.      Defendant KURT MANTWELL is an individual and resident of the state of California and maintains a primary residence at 27775 Blue Diamond Lane, Romoland, CA 92585.

**UNDISPUTED**.

5.      This Court has subject matter over this lawsuit pursuant to 15 U.S.C. §§ 1121 and 1125(a), 17 U.S.C. §§101, et. seq., 28 U.S.C. §§1331, 1338, and 1367, and pursuant to the Court's pendant jurisdiction.

**UNDISPUTED**.

6.      This Court has personal jurisdiction over LAWRIE MANTWELL because, *inter alia,* she resides within the state of California.

**UNDISPUTED**.

7.      This Court has personal jurisdiction over KURT MANTWELL because, *inter alia,* he resides within the state of California.

**UNDISPUTED**.

8.    Venue is proper in the Central District of California pursuant to 28 U.S.C. §§139l(b), (c) and 1400(b).

**UNDISPUTED.**

9.    Neither the Mantwells (KURT MANWELL and LAWRIE MANTWELL) nor Kumplay2 are a currently an authorized associate or affiliate of KRAFTWORKS DESIGNS, INC.

**UNDISPUTED.**

10.    On the website www.kumplay2.com, the Mantwells and Kumplay2 used the Accused Mark in conjunction with advertising of an event where individuals and couples who are interested in the swinger lifestyle could "Meet & Greet," with a cover charge of $20 for couples and $15 for singles that took place on July 18, 2010. (An uncontroverted true and correct copy of this advertisement is attached as Exhibit C.)

**DISPUTED.**

The graphic depicted in Exhibit C, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark Registration No.: 3348502.

11.     On the website, www.kumplay2.com, the Mantwells and Kumplay2 used the Accused Mark in conjunction with advertising of an event where individuals and couples who are interested in the swinger lifestyle could meet at a private dinner party with a cover charge of $20 per person that took place on July 23, 2010.  (An uncontroverted true and correct copy of this advertisement is attached as Exhibit D.)

**DISPUTED**.

The graphic depicted in Exhibit D, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark Registration No.: 3348502.

12.     On the website, www.kumplay2.com, the Mantwells and Kumplay2 used the Accused Mark in conjunction with advertising of an event where individuals and couples who are interested in the swinger lifestyle could meet at a "West Coast Swingers Com Hole Tournament" with a cover charge of $5 that took place on September 4, 2010.  (An uncontroverted true and correct copy of this advertisement is attached as Exhibit E.)

**DISPUTED**.

The graphic depicted in Exhibit E, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark Registration No.: 3348502.

13.    On the website, www.kumplay2.com, the Mantwells and Kumplay2 used the Accused Mark in conjunction with advertising of an event where individuals and couples who are interested in the swinger lifestyle could meet in Newport Beach that took place on October 3, 2010. (An uncontroverted true and correct copy of this advertisement is attached as Exhibit F.)

**DISPUTED**.

The graphic depicted in Exhibit F, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark Registration No.: 3348502.

14.    The Mantwells and Kumplay2 used a banner prominently displaying the Accused Mark at a Halloween event that took place on October 30, 2010 where individuals and couples who are interested in the swinger lifestyle could meet and socialize. (An uncontroverted true and correct copy of this advertisement is attached as Exhibit G.)

**DISPUTED**.

The graphic depicted in Exhibit G, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark Registration No.: 3348502.

Respectfully Submitted,

Dated: August 6, 2012          by:     **LAW OFFICES OF PATRICIA MIRELES**

_____

Patricia Mireles

Attorneys for Defendants, **KURT MANTWELL,
LAWRIE MANTWELL** and **KUMPLAY2EVENTS**

OBJECTION TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

MIRELES
LAW OFFICE

# OBJECTION TO THE DECLARATION OF DOUG LEWIS

***Objection to ¶ 3, of the Lewis Declaration***:

Plaintiff misstates and misleads this Court as to exactly what is registered under U.S. Trademark Registration No.: 3348502. Nor is it appropriate to claim various elements that compromise the registered trademark as a whole, are each individually, and separately exclusively registered to the Plaintiff. The correct mark as registered consists of the following:

**Mark Drawing Code** (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS

The "mark" as registered is very specific, and consists of the following:

**Description of Mark** The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo("TheSwingSite" and "Your Adult Playground" with corresponding colors).

The trademark in question actually looks as depicted in KRAFTWORKS, Exhibit A to the Lewis Declaration, and not merely a trademark of a woman's eyes:



***Objection to ¶ ¶ 8 and 9, of the Lewis Declaration:***

The documents attached as Exhibit, B, do not support what is declared in ¶ 8 of the Lewis Declaration, and therefore the contents of ¶ 8 is speculative, and an unsupported legal conclusion which is nothing more than the self-serving statement from the Plaintiff.  What Exhibit B does reveal is that the Plaintiff – Kraftworks terminated the defendants' membership without notice, and without refunding their lifetime membership dues.  As addressed in the email correspondence by the Mantwells, the Mantwells completely denied the claims made by the Plaintiff, who has never provided any evidentiary basis for its statements.

***Objection to ¶ 10 and Exhibit C of the Lewis Declaration:***

The Mantwells object that the contents of ¶ 10 of the Lewis Declaration and the corresponding referenced Exhibit C, lacks foundation, lacks relevance to the claims of the Plaintiff, and is not supportive of any purported "uncontroverted" fact.

***Objection to ¶ 11 and Exhibit D of the Lewis Declaration:***

The Mantwells object that the contents of ¶ 11 of the Lewis Declaration and the corresponding referenced Exhibit D, lack foundation, lacks relevance to the claims of the Plaintiff.

***Objection to ¶ 12 and Exhibit E of the Lewis Declaration:***

The Mantwells object that the contents of ¶ 12 of the Lewis Declaration and the corresponding referenced Exhibit E, lacks foundation, lacks relevance to the claims of the Plaintiff, and is not supportive of any purported "uncontroverted" fact.  The graphic

depicted in Exhibit E, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

**_Objection to ¶ 13 and Exhibit F of the Lewis Declaration_**:

The Mantwells object that the contents of ¶ 13 of the Lewis Declaration and the corresponding referenced Exhibit F, lacks foundation, lacks relevance to the claims of the Plaintiff, and is not supportive of any purported "uncontroverted" fact.  The graphic depicted in Exhibit F, does not consist of: "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

**_Objection to ¶ 14 and Exhibit G of the Lewis Declaration_**:

The Mantwells object that the contents of ¶ 14 of the Lewis Declaration and the corresponding referenced Exhibit G, lacks foundation, lacks relevance to the claims of

1  the Plaintiff, and is not supportive of any purported "uncontroverted" fact.  The graphic

2  depicted in Exhibit G, does not consist of:  "The color(s) purple, black, white, gray

3
4  and blue is/are claimed as a feature of the mark. The depiction of the woman is in black

5  and white with gray tones for the skin and eyebrows. The pupils of the eyes of the

6
7  woman are blue. The stylized wording and lining in the drawing appear in a

8  combination of purple and white. The mark consists of partial female face with eyes,

9  logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in

10
11  Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

12  **Objection to ¶ 15 and Exhibit H of the Lewis Declaration**:

13  The Mantwells object that the contents of ¶ 15 of the Lewis Declaration and the

14  corresponding referenced Exhibit H, lacks foundation, lacks relevance to the claims of

15
16  the Plaintiff, and is not supportive of any purported "uncontroverted" fact.  The graphic

17  depicted in Exhibit H, does not consist of:  "The color(s) purple, black, white, gray

18  and blue is/are claimed as a feature of the mark. The depiction of the woman is in black

19
20  and white with gray tones for the skin and eyebrows. The pupils of the eyes of the

21  woman are blue. The stylized wording and lining in the drawing appear in a

22
23  combination of purple and white. The mark consists of partial female face with eyes,

24  logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in

25  Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

26  **Objection to ¶ 16 and Exhibit I of the Lewis Declaration**:

27

28

MIRELES
LAW OFFICE

-4-

OBJECTION TO THE DECLARATION OF DOUG LEWIS

The Mantwells object that the contents of ¶ 12 of the Lewis Declaration and the corresponding referenced Exhibit I, lack foundation, lack relevance to the claims of the Plaintiff, and are not supportive of any purported "uncontroverted" fact.  The graphic depicted in Exhibit I, does not consist of:  "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

***Objection to ¶ 17 and Exhibit J of the Lewis Declaration***:

The Mantwells object that the contents of ¶ 12 of the Lewis Declaration and the corresponding referenced Exhibit J, lacks foundation, lacks relevance to the claims of the Plaintiff, and is not supportive of any purported "uncontroverted" fact.  The graphic depicted in Exhibit J, does not consist of:  "The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark. The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white. The mark consists of partial female face with eyes, logo ("TheSwingSite" and "Your Adult Playground" with corresponding colors)" in Plaintiff Kraftworks' U.S. Trademark  Registration No.: 3348502.

**EXHIBIT A**

**Thank you for your request. Here are the latest results from the <u>TARR web server.</u>**

**This page was generated by the TARR system on 2010-11-28 16:16:21 ET**

Serial Number: 78936069 <u>Assignment Information</u>          <u>Trademark Document Retrieval</u>

**Registration Number: 3348502**

**Mark**



(words only): THE SWING SITE YOUR ADULT PLAYGROUND WWW.THESWINGSITE.COM

**Standard Character claim:** No

**Current Status:** Registered.

**Date of Status:** 2007-12-04

**Filing Date:** 2006-07-24

**Filed as TEAS Plus Application:** Yes

**Currently TEAS Plus Application:** Yes

**Transformed into a National Application:** No

**Registration Date:** 2007-12-04

**Register:** Principal

**Law Office Assigned:** LAW OFFICE 114

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at <u>TrademarkAssistanceCenter@uspto.gov</u>**

**Current Location:** 650 -Publication And Issue Section

**Date In Location:** 2007-12-04

---

**LAST APPLICANT(S)/OWNER(S) OF RECORD**

1. Kraftworks Designs

**Address:**
Kraftworks Designs
2003A Harriman Ln
Redondo Beach, CA 90278
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** California

---

## GOODS AND/OR SERVICES

**International Class:** 045
**Class Status:** Active
Computer dating services; Dating services; Marriage partner introduction or dating services; On-line identity reliability investigation in the field of on-line dating and claims made about age, gender; Video dating services; Web site services featuring on-line dating club
**Basis:** 1(a)
**First Use Date:** 2005-05-05
**First Use in Commerce Date:** 2005-11-05

---

## ADDITIONAL INFORMATION

**Color(s) Claimed:** The color(s) purple, black, white, gray and blue is/are claimed as a feature of the mark.

**Description of Mark and Any Color Part(s):** The depiction of the woman is in black and white with gray tones for the skin and eyebrows. The pupils of the eyes of the woman are blue. The stylized wording and lining in the drawing appear in a combination of purple and white.

**Disclaimer:** "SITE"

**Description of Mark:** The mark consists of partial female face with eyes, logo("TheSwingSite" and "Your Adult Playground" with corresponding colors).

**Design Search Code(s):**
**02.03.01** - Busts of women facing forward; Heads of women facing forward; Portraiture of women facing forward; Women - head, portraiture or busts facing forward
**02.11.02** - Eyes, human; Human eyes; Iris (eye)
**26.11.21** - Rectangles that are completely or partially shaded
**26.17.13** - Letters or words underlined and/or overlined by one or more strokes or lines; Overlined words or letters; Underlined words or letters

---

## MADRID PROTOCOL INFORMATION

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2007-12-04 - Registered - Principal Register

2007-09-18 - Published for opposition

2007-08-29 - Notice of publication

2007-08-15 - Law Office Publication Review Completed

2007-08-15 - Approved for Pub - Principal Register (Initial exam)

2007-08-15 - Teas/Email Correspondence Entered

2007-08-15 - Communication received from applicant

2007-08-15 - Teas/Email Correspondence Entered

2007-08-08 - Communication received from applicant

2007-08-12 - Assigned To LIE

2007-08-08 - TEAS Response to Office Action Received

2007-08-08 - Petition To Revive-Granted

2007-08-08 - TEAS Petition To Revive Received

2007-08-08 - Attorney Revoked And/Or Appointed

2007-08-08 - TEAS Revoke/Appoint Attorney Received

2007-07-19 - Abandonment Notice Mailed - Failure To Respond

2007-07-19 - Abandonment - Failure To Respond Or Late Response

2006-12-19 - Examiner's Amendment/Priority Action E-Mailed

2006-12-19 - Examiners Amendment And/Or Priority Action - Completed

2006-12-19 - Assigned To Examiner

2006-07-29 - Notice Of Design Search Code And Pseudo Mark Mailed

2006-07-28 - New Application Entered In Tram

## ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Brian Gibbons

**Correspondent**
Brian Gibbons
3936 S. Semoran Blvd., Suite 330
Orlando FL 32822
Phone Number: 407-384-6156
Fax Number: 407-384-2601

**EXHIBIT B**



**EXHIBIT C**



**EXHIBIT D**



**EXHIBIT E**



**EXHIBIT F**



**EXHIBIT G**

Copyrighted by kumplay2 for use on Kasidie.com

There are (0) comments
Click here to view or add comments

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I declare that I am over the age of eighteen years and that I am not a party to this action.  I am an employee of MIRELES LAW OFFICE, and my business address is 201 N. Indian Hill Blvd., Suite 204, Claremont, CA 91711.

On  August 7, 2012, I served the foregoing documents described as:

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; STATEMENT OF DISPUTED FACTS & OBJECTION TO THE DECLARATION OF DOUG LEWIS

on all interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

> Kevin M. Welch
> Law Office of Kevin M. Welch
> P.O. Box 494
> Hermosa Beach, California 90245

[ X ]    **BY MAIL.**  I sealed said envelope and placed it for collection and mailing following ordinary business practices.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[    ]    **BY HAND DELIVERY.**  I caused such envelope to be delivered by hand to the offices of the addressee following ordinary business practices.

[ ]    **BY FACSIMILE.**  I caused such document to be delivered by facsimile to the offices of addressee following ordinary business practices.  The documents were placed for transmission in a facsimile transmission machine located in my employer's office, and were transmitted to a facsimile machine maintained by the party or attorney to be served, on this same date in the ordinary course of business.  The transmission was reported as complete and without error, and a record of the transmission was properly issued by the transmitting facsimile machine.

[    ]    **BY OVERNIGHT COURIER.**  I caused such document to be delivered by overnight mail to the offices of the addressee by placing it for collection by Federal Express following ordinary business practices by my firm, to wit, that packages will be either picked up from my firm by Federal Express and/or delivered by my firm to the Federal Express office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated this 7th day of August, 2012 at Claremont, California.

Kimberly Cheek

**PROOF OF SERVICE**