LAW OFFICE OF KEVIN M. WELCH
Kevin M. Welch, (SBN 254565)
*Kevin@kmwlawoffice.com*
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553
Fax: (310) 698-1626

Attorney for the Plaintiff,
KRAFTWORKS DESIGNS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KRAFTWORKS DESIGNS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>LAWRIE MANTWELL, an individual; KURT MANTWELL, an individual; KUMPLAY2 EVENTS, a California partnership,<br><br>Defendants. | Case No.: CV-11-00699-MWF (PJWx)<br><br>**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**<br><br>**Hearing Date: Off Calendar**<br>**Judge: Hon. Michael W. Fitzgerald** |

**I.   INTRODUCTION**

Immediately after being terminated from Plaintiff's website for promoting competing websites at events sponsored by Plaintiff, Defendants launched their own website offering near identical services through identical marketing channels to identical clientele featuring a mark (hereinafter "the Accused Mark") that is highly similar to Plaintiff's federally registered trademark, Reg. No.:3348502. These facts are supported by screenshots from Defendants' website as well as a

number of Defendants' event promotion advertisements. The event promotion advertisements are included as exhibits to Plaintiff's First Amended Complaint and the pleadings allege that they are examples of Defendants' use of the Accused Mark in commerce and illustrate the nature of Defendants' business. These pleadings have been Admitted by Lawrie Mantwell and Kumplay2 Events in their Answer rendering the nature of Defendants' business, the marketing channels utilize by Defendants, and Defendants' use of the Accused Mark in United States commerce <u>uncontested</u>. Additional evidence regarding Defendants' business and intent in choosing the Accused Mark are provided by the sworn declaration of Doug Lewis.

In the Ninth Circuit, allegations of trademark infringement are adjudicated by determining whether a likelihood of confusion exists as determined by an eight factor test set forth in *AMF, Inc. v Sleekcraft Boats,* 599 F.2d 341, 348-49 (9th Cir. 1979). In Plaintiff's Motion for Summary Judgment, Plaintiff addresses each factor, the evidence supporting each factor, and why Plaintiff believes the factors favor a finding of a likelihood of confusion between Plaintiff's federally registered mark and the Accused Mark. Plaintiff also provides the Court with examples of circumstances under which the Ninth Circuit has decided matters of trademark infringement by Summary Judgment in the past.

Defendants' Opposition to Plaintiff's Motion for Summary Judgment provides a number of arguments as to why Plaintiff's Motion for Summary Judgment should not be granted; however, all of Defendants' arguments are either factually incorrect or unpersuasive. Plaintiff will addresses each one of Defendants' arguments individually below.

Plaintiff respectfully requests that this Court find that Defendants have intentionally infringed Plaintiff's federally registered trademark and enjoin Defendants' further use of the Accused Mark or for the relief that this Court finds appropriate.

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

## II. ARGUMENT

### a. Defendants' argument that "*[t]he Allegations of the First Amended Complaint, are insufficient to establish personal liability on the individual Defendants, Lawrie Mantwell and Kurt Mantwell, when the Plaintiff concedes that the grievances it alleges were perpetrated upon it, was by a business entity*" is factually incorrect.

Defendants' argument that "*the allegations of the First Amended Complaint are insufficient to establish personal liability on the individual Defendants, Lawrie Mantwell and Kurt Mantwell*" is simply incorrect. Plaintiff's First Amended Complaint very clearly name Lawrie Mantwell, an individual; Kurt Mantwell, an individual; and Kumplay2 Events, a California partnership. Further, Plaintiff pled that "*the Mantwells and Kumplay2*" infringed Plaintiff's federally registered trademark and perpetrated various other unlawful acts. (See First Amended Complaint generally). Plaintiff very clearly alleged and continues to allege that Kurt and Lawrie Mantwell are personally liable <u>as well as</u> the California partnership, Kumplay2 Events.

Further, Defendants Lawrie Mantwell and Kumplay2 Events have Admitted to using the Accused Mark on event promotion advertising pled in paragraphs 32-36 of Plaintiff's First Amended Complaint. (See Answer for Lawrie Mantwell and Kumplay2 Events and Plaintiff's First Amended Complaint, ¶¶ 32-36).

Regarding Kurt Mantwell, the event promotion advertisements pled in paragraphs 32-36 of Plaintiff's First Amended Complaint state that the events are hosted a "<u>Mr. and Mrs. Kumplay2</u>." Plaintiff submits that Mr. Kumplay2 is an alias that refers to Kurt Mantwell, Lawrie Mantwell's husband.

This is further supported by copies of photographs from Kumplay2's account on the competing website www.kasidie.com. Similar to Facebook, members of the website www.kasidie.com are given an account on which they may post photographs and provide captions. The "Kumplay2" account features multiple photographs of Kurt Mantwell captioned with the alias "Mr. Kumplay2."

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

1  (See Declaration of Kevin Welch in Support of Plaintiff's Reply, Exhibits A-E, ¶¶ 3-8).

Plaintiff respectfully requests that this Court find that Plaintiff has adequately alleged that both the Mantwells are personally liable as well as the California partnership, Kumplay2 Events.

    b. **_Defendants' argument that "[t]he allegation of the First Amended Complaint and the Motion for Summary Judgment, fails to factually establish that any existing or potential consumers were actually, confused by any alleged similarity of marks" is not dispositive._**

The test of infringement as set forth in *AMF, Inc. v Sleekcraft Boats* is the <u>likelihood</u> of confusion, not the proof of *actual* confusion. To prove liability, the plaintiff is not required to prove any instances of actual confusion. *Plough, Inc. v. Kreis Laboratories*, 314 F.2d 635, 136 U.S.P.Q. 560 (9th Cir. 1963); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 314 F.2d 149, 136 U.S.P.Q. 508 (9th Cir. 1963); *Eclipse Associates Ltd. v. Data General Corp.*, 894 F.2d 1114, 13 U.S.P.Q.2d 1885 (9th Cir. 1990) (the lack of evidence of <u>actual confusion</u> does not prevent a finding of a <u>likelihood of confusion</u>).

Here, while Plaintiff is confident that actual confusion has occurred, Plaintiff has not presented any evidence of actual confusion at this time. However, the lack of evidence of actual confusion does not prevent this Court from finding that a likelihood of confusion exists. Therefore, Plaintiff respectfully requests that this Court find that Defendants' argument is not dispositive to Plaintiff's Motion for Summary Judgment.

    c. **_Defendants argument that "The Allegations of the First Amended Complaint, and the Motion for Summary Judgment, fails to factually establish actual damages." is unpersuasive because damges may be presumed._**

Plaintiff's Motion for Summary Judgment petitions this Court to find that Defendants' use of the Accused Mark creates a likelihood of confusion. It is not necessary for Plaintiff to factually establish that Plaintiff has sustained actual

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

damages for the Court to find that a likelihood of confusion exists. The Court can presume damages in a trademark infringement case. As the Ninth Circuit has observed, "Once the plaintiff in an infringement action has established a likelihood of confusion, it is ordinarily presumed that the plaintiff will suffer irreparable harm if injunctive relief does not issue." *Rodeo Collection, Ltd. v. West Seventh*, 812 F.2d 1215, 1220, 2 U.S.P.Q.2d 1204 (9th Cir. 1987).

*GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 53 U.S.P.Q.2d 1652 (9th Cir. 2000) (Irreparable injury may be presumed from a showing of a likelihood of confusion. "From this showing of likelihood of success on the merits in this trademark infringement claim, we may presume irreparable injury."); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 877, 91 U.S.P.Q.2d 1245 (9th Cir. 2009) ("Because the court found a likelihood of success on the merits, it reasonably presumed irreparable injury.").

Should this Court find that an infringement has occurred Plaintiff will subsequently request a hearing to established monetary damages. At this time, however, Plaintiff respectfully requests that this Court reject Defendants' argument as unpersuasive because damages may be presumed.

### d. **Defendants argument that "*Plaintiff/Cross-Defendant fails to address issues raised in the Cross-Claim, therefore granting its Motion for Summary Judgment would be inequitable*" is factually incorrect.**

Defendants argue it would be inequitable to grant this Motion for Summary Judgment because Plaintiff failed to address issues raised in Defendants' Counterclaims. This argument is once more factually incorrect.

Defendants brought Counterclaims alleging that Plaintiff's federally registered trademark is either generic or descriptive. Plaintiff addressed these Counterclaims in Plaintiff's Motion for Summary Judgment in subsections a and b starting at page 7, line 6 and page 8, line 9 respectively. Plaintiff respectfully requests that this Court dismiss this argument as well as it is factually incorrect.

**REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, FOR AN ORDER TREATING SPECIFIED FACTS AS ESTABLISHED**

### III. CONCLUSION

Defendants' Opposition consists of a series of factually incorrect or unpersuasive arguments. It is merely the latest in a year-long series of disingenuous delay and obfuscation tactics. Plaintiff respectfully requests that this Court find that Defendants have intentionally infringed Plaintiff's federally registered trademark and enjoin Defendants' further use of the Accused Mark or for the relief that this Court finds appropriate.

By: _/s/ Kevin Welch_

Kevin M. Welch, Esq. (SBN 254565)
LAW OFFICE OF KEVIN M. WELCH
Kevin@kmwlawoffice.com
P.O. Box 494
Hermosa Beach, CA 90245
Tel.: (310) 929-0553

Attorney for Plaintiff,
Kraftworks Designs, Inc.